UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                           Case No. 26-20169
                         U.S. DISTRICT COURT JUDGE
                         GERSHWIN A. DRAIN

v.

MAMOUDOU KABA,

      Defendant.

_____/

## ORDER DENYING DEFENDANT MAMOUDOU KABA'S EMERGENCY MOTION FOR TEMPORARY RELEASE FROM CUSTODY TO ATTEND FUNERAL [#21]

## I.     INTRODUCTION

Presently before the Court is Defendant Mamoudou Kaba's Emergency Motion for Temporary Release from Custody to Attend Funeral, filed on June 22, 2026. Upon review of the motion, the Court concludes that oral argument will not aid in its disposition, and thus a hearing will not be held. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Kaba's motion is denied.

## II.     **BACKGROUND**

Kaba is charged with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Following a detention hearing on March 19, 2026, Magistrate Judge Kimberly G. Altman ordered Kaba's pretrial detention, finding that no condition  or combination of conditions of release could reasonably assure the safety of the community or Kaba's attendance at court proceedings.

Kaba has moved for his temporary release from custody to attend a family member's funeral on June 26, 2026. He seeks a temporary bond under the following conditions:

- The Defendant is to be released from the Federal Detention Center in Milan on the morning of Friday, June 26, 2026, at 8:00 a.m. for the sole purpose of attending the family hour and funeral;

- The duration of the Defendant's release will be for ten hours; from Friday, June 26, 2026, 8:00 a.m. through and until his self-surrender by 6:00 p.m. the same day at the Federal Detention Center in Milan;

- The Defendant must not possess guns or controlled substances including use or possession of alcohol or marijuana while on temporary release or be in the presence of others with guns or controlled substances. Further, he must submit himself to compliance checks from law enforcement at the stated address while on temporary release, and will cooperate with law enforcement; and

- The Defendant will arrange for his own transportation to and from the detention center.

ECF No. 21, PageID.50-51. The Government opposes Kaba's motion.

2

## III.   LAW AND ANALYSIS

The Bail Reform Act allows a defendant to request reconsideration of his pretrial detention at any time. *See* 18 U.S.C. § 3145(b) ("If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."). In determining whether continued detention is warranted under the Bail Reform Act, the Court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). A magistrate judge's pretrial detention order is reviewed *de novo*. *United States v. Brooks*, 685 F. Supp. 3d 476, 479 (E.D. Mich. 2023). "The court need not defer to the magistrate judge's ultimate conclusion nor start from scratch yet must engage in some independent review of the decision." *Id.*

Upon consideration of Kaba's motion, the evidence proffered by the Government at Kaba's detention hearing, and the Pretrial Services Report, the Court finds that these factors do not support Kaba's pretrial release. First, the nature and circumstances of the offense charged weigh heavily in favor of Kaba's continued pretrial detention. For one, felon-in-possession is undoubtedly a serious offense. *United States v. Mendenhall*, No. 2:23-CR-20651-TBG-APP, 2024 WL 5199344, at

3

*2 (E.D. Mich. Dec. 3, 2024). Moreover, the circumstances giving rise to the offense are troubling. According to the Government's proffer, during an altercation with another person, Kaba brandished a gun and threatened to shoot her. A witness corroborated the victim's account. Law enforcement officers subsequently executed a search warrant on Kaba's residence, where they recovered a Rugers-5.7 semiautomatic pistol in plain view on the kitchen counter. They also recovered photos from Kaba's phone of him holding firearms, and one of the photographed firearms appeared to have a machine gun switch. Finally, law enforcement officers found a partially clothed sixteen-year-old girl in Kaba's residence, who was believed to be a missing juvenile. On this evidence, the Court finds that the nature and circumstances of the offense charged strongly favor Kaba's continued pretrial detention.

Second, the weight of the evidence also strongly supports detention. This factor looks to whether the evidence demonstrates that the defendant poses a risk of flight or danger to the community. *Mendenhall*, 2024 WL 5199344, at *2. Here, the evidence strongly suggests both. With respect to risk of flight, the Pretrial Services Report demonstrates that Kaba has repeatedly failed to appear for various court proceedings, most recently on July 14, 2025. This demonstrates an unwillingness to comply with court orders. Moreover, as set forth above with respect to the nature and circumstances of the offense, Kaba poses a clear risk of danger to the

community. This is reinforced by the fact that this is not Kaba's first firearm offense, demonstrating that his previous convictions have not deterred him from unlawful, dangerous conduct. Accordingly, this evidence weighs strongly in favor of Kaba's continued detention.

The third factor—Kaba's history and characteristics—also weighs in favor of Kaba's detention. As noted, Kaba has previously been convicted of firearm offenses. As set forth in the Pretrial Services Report, he failed to successfully complete probation on those offenses, each time breaching the terms of his probation with further criminal conduct. Moreover, he is unemployed and appears to have limited ties to the community. His cousin, who Kaba purports to live with, has indicated that he is not willing to serve as a third-party custodian if needed. Accordingly, this factor weighs in favor of Kaba's continued pretrial detention.

Finally, as set forth above, the nature and seriousness of the danger posed by Kaba's pretrial release is significant. His repeated involvement in illegal firearm possession raises obvious public safety concerns.

For these reasons, the Court finds that no condition or combination of conditions of release could reasonably assure the safety of the community or Kaba's return to custody. Accordingly, Kaba's motion is denied.

## IV.   **CONCLUSION**

Based on the foregoing, Kaba's Emergency Motion for Temporary Release

from Custody to Attend Funeral [#21] is DENIED.

SO ORDERED.

Dated: June 23, 2026                                    /s/Gershwin A. Drain
                                                       GERSHWIN A. DRAIN
                                                       United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June
23, 2026, by electronic and/or ordinary mail.
                   /s/ Marlena Williams
                      Case Manager

6